## GEORGE MAYBERRY V. THE STATE.

No. 16497.   Delivered March 7, 1934.
Rehearing Denied April 11, 1934.

The opinion states the case.

*Max Coleman,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin. for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for one year.

Evidence was introduced upon behalf of the State to the effect that a quantity of whisky was found in the house under the control of the appellant and leased by him.   No circumstances were introduced combatting the view that the whisky was possessed for any purpose other than for sale.   Consequently, article 671, P. C., 1925, to the effect that the possession of more than one quart of intoxicating liquor shall be prima facie evidence of guilt, would be in point.

Appellant sought a suspended sentence and in support thereof introduced the witness Wilbur Wilson, who testified as follows:

"I have known this defendant, George Mayberry, all his life. We were raised together in Washington County.   I knew him all the time until 1922, then I came out here and he went to Stonewall County. Up to that time he had never been convicted of a felony in this or any other state."

On cross-examination Wilson testified:

"I do not know where he has been or what he did after I left there in 1922. He could have been in the penitentiary."

The witness, H. C. Trammel, also introduced in support of the issue of a suspended sentence, gave the following testimony:

"I live in Lubbock. * * * I know this defendant, George Mayberry. He worked for me a good deal. I first knew him in Stonewall County, about 1922. * * * Since I have known him, he has not been convicted of a felony in this or any other state."

On cross-examination the witness testified:

"I do not know what he did or where he was before 1922. He could have been convicted of a felony and gone to the penitentiary."

The court indicated that upon the proof made he would not submit to the jury the issue of a suspended sentence. No bill of exception was preserved to the action of the court.

Appellant became a witness in his own behalf and testified as follows:

"I have lived here several years and am a carpenter by trade. I have never been convicted of a felony in this or any other state. This is the first time I have been tried for violation of the liquor law."

On cross-examination, appellant said that he was arrested in October, 1932, on a federal charge for the possession of whisky; that a perjury charge had been filed against him but had been dismissed; that his place had been searched for liquor four or five times during the last few years.

After the conclusion of the appellant's testimony, the court submitted the issue of a suspended sentence to the jury, but they failed to recommend it.

The complaint in argument and in the brief of the court's action in refusing to charge the jury on the issue of a suspended sentence before the appellant testified is not available for consideration in the absence of exception thereto.

We fail to perceive any fault in the procedure which would justify this court in reversing the judgment of conviction.

The judgment is therefore affirmed.

*Affirmed.*